**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL PARKER                              :
                                            :
             Plaintiff,           :
    v.                                    :
                                            : Civil Action No.  02-CV-3773
                                            :
UNITED STATES POSTAL SERVICE,               :
                                            :
             Defendant.           :

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF THE FEDERAL DEFENDANTS TO DISMISS OR IN THE
<u>ALTERNATIVE  FOR  SUMMARY  JUDGMENT</u>**

**I.       INTRODUCTION**

Plaintiff Michael Parker filed the above-captioned action against the United

States Postal Service on or about May 3, 2002, in state court.  It  was removed to this Court on or

about June 14, 2002.  The Plaintiff is seeking recovery for damages which he allegedly sustained

in an incident involving a City of Philadelphia trash truck and a Postal vehicle.

Plaintiff filed the instant action prior to exhausting his administrative remedies.

Consequently, the suit is premature.  The defect cannot be cured and the complaint must be

dismissed without prejudice to its being refiled.  The Federal Tort Claims Act ("FTCA") is a

limited waiver of sovereign immunity.   Under the FTCA, an injured party who was harmed by

the negligence of a federal government employee is required to present an administrative claim

to the appropriate federal agency in a sum certain amount, and that agency must be given an

opportunity to act on that claim before the injured party is authorized to bring suit.  In the instant

case, while Plaintiff has presented a proper administrative claim to the United States Postal

Service as required by the FTCA, he failed to give the United States Postal Service the established statutory period to attempt to resolve or otherwise consider his claim prior to instituting the present lawsuit. Under these circumstances, this Court is without subject matter jurisdiction to hear this matter and this case must be dismissed. [1]

**II.**   ## MATERIAL FACTS

On or about May 5, 2000, the Plaintiff was allegedly injured as he stood on a riding step at the rear-side of a trash truck. *See* Complaint at ¶¶ 5-7. By letter dated May 15, 2000, the Postal Service first received notice that the plaintiff was allegedly injured and that he intended to file a claim. At that time, plaintiff was represented by the firm of Golomb & Honik, Attorneys-at-Law. (See Declaration of Helen J. S. White ("hereinafter White Dec.) ¶ 1 & Attachment 1).

On May 24, 2000, a local postal official, Richard Teszner, sent the Law Office of Golomb & Honik a Standard Form 95 ("Claim For Damage, Injury, Or Death") under a cover letter providing instructions for the completion of the form. (White Dec. ¶ 2 & Attachment 2). A completed Form 95 was never received from the Law Office of Golomb & Honik. (White Dec. ¶ 5).

By letter dated November 26, 2001, Attorney Robert F. Datner advised the Postal Service that he was assuming the handling of the above-matter. The letter enclosed medical bills and documents relative to the claim. (White Dec. ¶ 3 & Attachment 3). By letter dated

---

[1] It should be noted that actions under the FTCA must be brought against the United States of America, and not against the United States Postal Service. *See* 28 U.S.C. § 2679(a); *and, e.g.,* Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975); Stewart v. United States, 503 F. Supp. 59, 61 (N.D. Ill. 1980), *aff'd*, 655 F.2d 741 (7th Cir. 1981). For that reason, the United States Postal Service is not a proper defendant in this case, and the claims against it must be dismissed.

December 5, 2001, Teszner sent a Standard Form 95 to attorney Datner stating that the Postal

Service had not received a properly completed claim form which specified a sum certain

demand.  (White Dec. ¶ 4 & Attachment 4).

       The rear side of the Standard Form 95 provided to both plaintiff's original

counsel, Golomb & Honik and subsequently to  Datner & Murphy, P.C., states  under the

heading of "Instructions", that:

> A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED
> WHEN A FEDERAL AGENCY RECEIVES FROM A
> CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL
> REPRESENTATIVE, AN EXECUTED STANDARD FORM 95
> OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT,
> ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A
> **SUM CERTAIN** FOR INJURY OR LOSS OF PROPERTY,
> PERSONAL INJURY OR DEATH ALLEGED TO HAVE
> INCURRED BY REASON OF THE INCIDENT.  THE CLAIM
> MUST BE PRESENTED TO THE APPROPRIATE FEDERAL
> AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM
> ACCRUES.

(emphasis in original).  After providing further detailed instructions for pursuing an

Administrative Claim, the Standard Form 95 states that **"Failure to specify a sum certain will**

**result in invalid presentation of your claim and may result in forfeiture of your rights."**

(emphasis in original).

       On May 3, 2002, Teszner received, via facsimile, a letter from Attorney Datner

demanding $70,000.00 for personal injuries allegedly sustained by his client and a completed SF

95.  (White Dec ¶ 5 & Attachment 5).   In that letter, Attorney Datner stated his belief that prior

counsel had submitted the claim form but admitted it failed to state a demand amount.  (Id. at

attachment 5).

On May 3, 2002, plaintiff also filed his complaint in the Court of Common Pleas of Philadelphia County without allowing the Postal Service time to consider the Plaintiff's administrative claim and obviously prior to receiving a final decision on his administrative claim from the Agency. The Postal Service was served with a copy of the Summons and Complaint on May 15, 2002. Plaintiff's administrative claim was denied by certified letter to Attorney Datner dated August 5, 2002. (White Dec. ¶ 6 & Attachment 6).

III.     **ARGUMENT**

      **A.     Plaintiff Failed To Exhaust His Administrative Remedies Because He Prematurely Filed Suit**

The FTCA requires an injured party to present an administrative tort claim to the appropriate federal agency, and to give the agency an opportunity to act on the claim, before the injured party is authorized to bring suit. While the Plaintiff submitted an appropriate Administrative Claim in the instant case on or about May 3, 2002, he did not give the Postal Service the statutorily mandated six month period to act on his claim prior to filing the instant action, and the suit is therefore premature. *See* 28 U.S.C. § 2675; 39 C.F.R § 912.5(b).

Lawsuits against the United States for money damages are barred by the doctrine of sovereign immunity, except to the extent that the United States explicitly waives its sovereign immunity and consents to be sued. See, e.g., United States v. Testan, 424 U.S. 392, 400 (1976). It is axiomatic that the sovereign cannot be sued without its consent to be sued, United States v. Sherwood, 312 U.S. 584 (1941). It is also clear that the express terms of any such consent by the United States to be sued define and limit a federal court's jurisdiction to entertain such suit. United States v. Testan, 424 U.S. 392.

The exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and/or its employees acting within the scope of their employment, is the FTCA, which is codified at 28 U.S.C. § 2671 et. seq.  See, Thomason v. Sanchez, 398 F. Supp. 500 (D.N.J. 1975), *aff'd*, 539 F.2d 955 (3rd Cir. 1976), *cert. denied*, 429 U. S. 1072 (1977); Castro v. United States, 34 F.3d 106, 108 (2nd Cir. 1994); J.D. Pflaumer v. United States Department of Justice, 450 F. Supp. 1125, 1132 n.11 (E.D. Pa. 1978).  As such, the express terms of the FTCA define and limit a federal court's jurisdiction to entertain tort actions against the United States and its agencies or employees, and the federal court's jurisdiction is restricted to the terms enunciated in the FTCA.  As the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required.  Livera v. First National Bank, 879 F.2d 1186, 1194 (3d Cir. 1989), *cert. denied*, 493 U.S. 937 (1989).  Because the sovereign's consent to a waiver of its immunity must be narrowly construed, a plaintiff must file any actions under the FTCA in compliance with its terms. Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); Ross v. Runyon, 858 F. Supp. 630, 636 (S.D. Tex. 1994).

As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied.  Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

Id. The requirement of administrative review and compliance with the claim procedure prescribed in 28 U.S.C. § 2675 is jurisdictional and cannot be waived. McNeil v. United States, 508 U.S. 106 (1993); *see also* Jerves v. U.S., 966 F.2d 517, 519 (9th Cir. 1992); Plyler v. United States, 900 F.2d 41, 41-43 (4th Cir. 1990); United States v. Burzynski Cancer Research Institute, 819 F.2d 1301, 1306 (5th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988); Garrett v. United States, 640 F.2d 24, 25 (6th Cir. 1981); Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971).

Once a proper administrative claim is presented to an agency, that agency has six months in which to make final disposition of the claim before the claimant has any right to institute an action, which is premised upon the claim. Further, if a claimant institutes an action in federal court without allowing the six month administrative period to expire, such federal court does not have jurisdiction to adjudicate that action. See e.g., McNeil v. United States, 508 U.S. at 111; Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992); Plyler v. United States, 900 F.2d at 42.; Reynolds v. United States, 748 F.2d 291, 292-293 (5th Cir. 1984).

The jurisdictional defect which results when a premature civil action is filed before the appropriate agency had six months to adjudicate the administrative claim cannot be cured absent the filing of a fresh civil action, nor can the suit be stayed pending expiration of the administrative review period. *See, e.g.*, McNeil v. United States, 508 U.S. at 111-112; Jerves v. United States, 966 F.2d at 521; Plyler v. United States, 900 F.2d at 42.

In the present matter, and as noted above, Plaintiff submitted a proper administrative claim with the United States Postal Service for the first time, on or about May 3, 2002. Therefore, the plaintiff could not deem his claim denied pursuant to the provisions of 28 U.S.C. § 2675(a) prior to November 3, 2002, and could not otherwise file suit prior to denial of the claim by the Postal Service. As the case law cited above makes clear, because the present action

6

was filed on or about May 3, 2002, before denial of the claim or the expiration of the statutory six-month administrative period, this Court does not have subject matter jurisdiction to entertain this matter. For this reason, the action must be dismissed.

**B. Earlier Correspondence From Plaintiff Failed To Make Out An FTCA Administrative Tort Claim**

Plaintiff's original attorney sent a letter to the Postal Service dated May 15, 2000 stating that his client had sustained injuries on May 5, 2000. On November 26, 2001, Attorney Datner sent a letter to the Postal Service advising that he was now responsible for the claim and he submitted medical bills. However, these documents were insufficient to satisfy the claim presentment requirements of the FTCA because they did not specify a sum certain, or for that matter, any kind of monetary demand, nor had a SF 95 been received by the Postal Service. Since the correspondence did not satisfy the requirements for an administrative claim, plaintiff may not argue that the letters were sufficient to fulfil the administrative claim prerequisite necessary to initiate Plaintiff's lawsuit.

As noted above, before commencing suit under the FTCA, an administrative claim must be presented to the appropriate federal agency, and either be denied in writing by the federal agency, or be deemed to be denied by the passage of six months from the date of presentment to the agency. 28 U.S.C. § 2675(a). An administrative claim is "presented" when the Postal Service "receives from claimant . . . an **executed** Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a **sum certain** for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 39 C.F.R. §912.5(a) [2] (emphasis

---

[2]      39 C.F.R. § 912.5(a) is the Postal Service's Code of Federal Regulations analog to the Justice Department's regulatory provision codified at 28 C.F.R. § 14.2(a).

added); and, see, Bialowas, 443 F.2d at 1049; Hamilton v. U.S., 741 F. Supp. 1159, 1161

(D.N.J. 1990), *aff'd*, 928 F.2d 1131 (3rd Cir. 1991).

In order to be valid, an administrative claim must present sufficient facts to

permit the government to investigate its liability and to assign a value to the claim.  Tucker v.

United States Postal Service, 676 F.2d 954, 959 (3d Cir. 1982).  The purpose of requiring the

initial filing of a claim with the appropriate federal agency is to enable administrative agencies

to avoid unnecessary litigation by providing such agencies with the opportunity to effectively

evaluate a claim and to determine the potential for settling the claim.  Tucker, 676 F.2d at 956.

"This purpose is frustrated if the administrative claim does not indicate a claim for a specific

amount of money."  Le Grand v. Lincoln, 818 F. Supp. 112, 115 (E.D. Pa. 1993), affirmed 998

F.2d 1003 (3rd Cir. 1993).

If an administrative claim does not specify the amount of the claim in a sum

certain, then it is not a validly presented claim because it does not comply with the requirements

of the FTCA or its implementing regulations. *See*, 28 U.S.C. § 2675, *and*, 39 C.F.R. § 912.5(a).

Absent a validly presented administrative claim, which includes the amount of the claim in a

sum certain, an injured party is not authorized to institute litigation for tort claims against the

United States, or against its agencies and their employees, because that injured party has failed to

exhaust his administrative remedies as required by the FTCA.  Hamilton, 741 F. Supp. 1159;

Bialowas, 443 F.2d 1047; Coska v. United States, 114 F.3d 322 (1st Cir. 1997); Ahmed v.

United States, 30 F.3d 514 (4th Cir. 1994); Suarez v. United States, 22 F.3d 1064 (11th Cir.

1994); Kendall v. Watkins, 998 F.2d 848 (10th Cir. 1993), *cert. denied*, 510 U.S. 1120 (U.S.

1994); Hager by and through Hager v. Swanson Group, Inc., 916 F. Supp. 447 (E.D. Pa. 1996).

As outlined in the material facts, plaintiff's attorney was given ample warning by

a local postal official, and the standard claim form itself, that he must provide a sum certain demand in order to file a valid administrative claim. His failure to do so for an extended period of time prevents the Plaintiff from pursuing the instant premature civil action.

In the recent past the Supreme Court has addressed the issue of whether claim presentment problems can be remedied after the initiation of litigation, finding that any related civil action is barred unless it begins after the full administrative process has been completed. See McNeil v. United States 508 U.S. 106 (1993). As the Court succinctly stated "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." McNeil, 508 U.S. at 112. The Court went on to explain that:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command . . . .

Id.

As such, since Plaintiff's administrative claim was filed on May 3, 2002, and he filed suit prior to actual or deemed denial, the Court lacks subject matter jurisdiction to consider this action.

## IV.    CONCLUSION

Plaintiff failed to exhaust his administrative remedies before commencing this action.  Accordingly, this Court lacks subject matter jurisdiction over his claim, and the Complaint must be dismissed as a matter of law.

Respectfully submitted,

PATRICK L. MEEHAN
UNITED STATES ATTORNEY

_____

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

_____

NANCY L. GRIFFIN
Assistant U.S. Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106-4476
(215) 861-8250

Of Counsel:

HELEN J. W. WHITE
Attorney, Law Department
St. Louis Field Office
United States Postal Service
P.O. Box 66640
St. Louis, MO 63166-6640
(314) 872-5174

NLG:ja/parkermotiontodismiss.wpd

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL PARKER                                    :
                                                  :
          Plaintiff,                     :
                                                  :
          v.                             : Civil Action No. 02-CV-3773                    :
                                                  :
UNITED STATES POSTAL SERVICE,                     :
                                                  :
          Defendant                      :


## MOTION OF THE FEDERAL DEFENDANTS TO DISMISS
## OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT


Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, the Federal Defendant

moves to dismiss Plaintiff's Complaint without prejudice.  For the reasons more fully set forth in

the accompanying Memorandum of Law, this Court has no subject matter jurisdiction to

entertain this action.


                    Respectfully submitted,

                    PATRICK L. MEEHAN
                    United States Attorney


                    _____

                    JAMES G. SHEEHAN
                    Assistant United States Attorney
                    Chief, Civil Division


                    _____

                    NANCY L. GRIFFIN
                    Assistant United States Attorney

Of Counsel:

HELEN J. W. WHITE
Attorney, Law Department
St. Louis Field Office
United States Postal Service
P.O. Box 66640
St. Louis, MO 63166-6640
Phone: (314) 872-5174

NLG:ja/parkerdismissorsj.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL PARKER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : Civil Action No. 02-CV-3773 | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant | : | |

**O R D E R**

AND NOW, this            day of                   , 2002, upon

consideration of Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment,

and any response thereto, it is hereby

**ORDERED**

that Defendants' Motion is **GRANTED**, and the Complaint of Plaintiff Michael Parker is

dismissed without prejudice.

BY THE COURT:

_____
                                                                                    J.

## CERTIFICATE OF SERVICE

I, Nancy L. Griffin, certify that a true and correct copy of the foregoing proposed Order, Motion of the Federal Defendants to Dismiss or in the Alternative for Summary Judgment and Memorandum of Law in Support thereof was served on this 13th day of August, 2002, via U.S. mail, first class, postage prepaid, upon the following:

      Robert F. Datner, Esquire
      Datner & Murphy, P.C.
      7172 Marshall Road
      Upper Darby, PA 19082


                    _____

                    NANCY L. GRIFFIN
                    Assistant United States Attorney